Good morning and welcome to the Ninth Circuit Court of Appeals. My name is Morgan Kristin and I'm one of the judges on the circuit court. I'm just noticing I have to do a little bit of housekeeping here before we begin. I'm delighted to be sitting today in Portland with two of my colleagues. Judge Carlos Baez is on my right, your left. His chambers are in San Francisco and Judge Rapali Desai is on my left, your right. Her chambers are in Phoenix. Before we begin, we have a number of cases submitted on the briefs in which we will not hear argument and I just need to make a record of that. The first is case number 246894 Shillington v. Bisagno, 246962 LaDuke v. Bisagno, 251090 United States v. Peterson, 247736 Ferris Timbers v. United States, and 246479-246484 Meritage Homeowners Association. We will not have argument in those cases. And for the record, there are three cases on the public calendar for tomorrow that we have also submitted on the briefs. Those are 247242 Ingram v. Commissioner of Social Security, 1870637 Zarate Hernandez v. Bondi, and 244497 Bahena Barreto v. Bondi. The first case on the oral argument calendar is Lux v. Ferry, 234019. We're ready for argument in that case. Perhaps you could start, counsel, by telling me if I got your client's name right, or the party's name correctly. You have, Your Honor. That's kind of a miracle. I try, but it's tough. Go right ahead with your argument,  Good morning, and may it please the Court. My name is Susan Wilk. I'm an assistant federal public defender, and I represent the petitioner in this matter, Mr. Lux. I would like to reserve three minutes of my time for my rebuttal. Sure. A state procedural rule may not foreclose review of a federal claim in federal habeas corpus proceedings if the state court's application of the rule was exorbitant or if the rule was not independent of federal law and adequate. Adequacy means the rule must be plainly established and regularly followed at the time that it was invoked. It is the state's burden to plead an adequate state procedural rule. The burden then shifts to the petitioner to place inadequacy at issue, and if the petitioner presents sufficient facts to do so, the state bears the ultimate burden to prove that the ground that it asserted is adequate. And the adequacy of a rule, obviously, is a federal question, and it has long been the rule that the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. In this case, Mr. Lux, pro se, filed an amended petition for post-conviction relief with a supporting affidavit, which included a claim that his lawyer was ineffective in failing to move to suppress evidence seized outside the lawful scope of judicial warrants. Council was subsequently appointed and argued this claim at the PCR trial. Now, below, before the trial, the state filed several pleadings in which it advanced four theories, arguing that the claim was procedurally barred. The state PCR court ruled, without further explanation, that the claim in the pro se petition and the claim argued by Council were at variance, and the court did not cite any case law or explain the rule on which it had relied. And obviously, in these proceedings and on appeal in the state court, the state alleged that the lower court had relied on Bowen v. Johnson, an Oregon state court decision that has since been essentially disavowed. And we would submit that this court can resolve this case at the very first step of the analysis, which is that the state has failed to plead an adequate procedural bar because, simply put, we do not know the rule on which the state court relied. The state argues that it is so well acknowledged that all of the arguments need to be in the position that there is no harm, no foul here. Is your position really that because the state court didn't cite Bowen, or exactly what's your position on this point? Yes, and there's two reasons for that. First, again, the state advanced several theories for finding a procedural bar, and the state court, obviously, we look to the state court's judgment rather than the state lawyer's pleadings to determine the rule that is invoked by the state court. But even if, and I will get to this in a bit, even if this court can find that the state court did rely on Bowen or that the state did meet its burden of proving to this court that the state court relied on Bowen, the court can resolve this case by finding the state court's application was exorbitant, which we have stated— Was that argument raised in the district court? The exorbitant application? Yes, it was. Can you point me to where that argument was raised in the district court? I can certainly do so, but I don't have that at my fingertips right now. May I present that to the court on rebuttal? Yes, thank you. Why was the state court's position exorbitant? I have three reasons. So, and I would like to point to a case, Cotto v. Herbert, that is cited in my brief, and it is actually a Second Circuit case in which the court kind of summarized the holding of Lee v. Chemna. And that's at 331 Federal 3rd, and the insight is 240. And so there are three things that the court looks to. And again, those are guideposts. They are not absolute requirements. But first, was the procedural violation actually relied on in the trial court, and would perfect compliance with the state rule have changed the trial court's decision? Second, whether state law indicated that— What was your answer to that first question? I'm sorry. With regard to the first question, I don't think the State can prove that the alleged procedural violation was actually relied on. And we would submit that Mr. Lux did plead the claim that the State later claimed was not adequately pled, and that he certainly substantially complied with the rule. So the question whether perfect compliance with the state rule would have changed the trial court's decision, it's hard to imagine what additional pleading Mr. Lux would have needed to submit. Where did Mr. Lux actually plead the claim he's now forming? Okay. So Mr. Lux had a pro se document titled Petition in which he had stated his various claims. And his primary claim, one, related to the voluntariness of his plea, which he alleged was premised on inadequate advice, including advice regarding his lawyer's failure to move for suppression. And secondly, he had claims relating to ineffective assistance of counsel. Counsel, we're just asking—Judge Beah's question was really specific, and you don't have a lot of time. It's just where did he plead in his original petition, or in his amended petition, the argument that he pressed at trial? Yes. So he pled in his pro se petition at page—and I'm sorry, this is the document that is titled Affidavit that he submitted in conjunction with his petition. And I would point the Court to Excerpt of Record 154, in which Mr. Lux alleged his claim regarding the adequacy of the warrant. And then secondly, he had a further claim relating to ineffective assistance of trial counsel for failure to seek suppression. And in my briefing at page—pardon me—and in my briefing at page—pardon me. Is this your opening brief, or your reply? Sorry. In my opening brief, the factual basis for the claim was at 2ER136-5. 2ER139 and 2ER145-46. And in 145-46 is where Mr. Lux explained that Kaiser Police seized his cell phone from his parents' home in Salem without a valid warrant, and alleging that his lawyer was ineffective for not moving to suppress the evidence derived from the illegal seizure of the phone. The second component of the exorbitant application is whether State case law indicated that compliance with the rule was demanded in the specific circumstances presented. We vehemently contest that the State can prove that. And finally, whether Petitioner substantially complied with the rule, and therefore, whether demanding perfect compliance would serve a legitimate governmental interest. Now Oregon is a notice-pleading State, and Mr. Lux certainly pleaded claims that his lawyer deficiently failed to move to suppress evidence outside the lawful scope of the warrant. And with respect to State case law, the case law at the time required liberal construction with a view towards substantial justice between the parties, resolving cases on the merits. In Phelps v. State, cited in my briefs, the Oregon Court of Appeals said that while it is incumbent on the State to repair defects in the Petitioner's petition, while it is not incumbent on the State to repair defects in the Petitioner's petition, it is incumbent on it to show how those defects have affected its substantial rights. Now here we have the State responding many months before the PCR trial, outlining the precise claim that it later said Mr. Lux had failed to plead. Petitioner asserts the warrant authorizing the KPD to search and seize his Galaxy S5, warrant 15258, failed to provide authorization to the KPD to search to seize Petitioner's Galaxy phone because the warrant did not identify the location where the KPD seized the phone. So the State understood the claim many months before, and the State was allowed to present the evidence that a claim to the Court, you know, the purported variance prevented it from presenting. So for all of those reasons, this Court can find that the application is exorbitant, and this Court can find that the rule was not adequate because the State cannot prove that it was clearly established and regularly followed according to the law at the time that Mr. Lux's case was decided. Counsel, you're over time. I see that. Thank you. We'll hear from the State, please. Good morning. May it please the Court and Counsel, Jordan Silk for the State. I would like to begin by explaining just some backdrop principles about Bowen and Oregon pleading standards. Bowen is still good law. The sort of framework that Bowen exists in is the PCHA Post-Conviction Hearing Act has a statute that says claims must be pleaded with specificity. Petitioners have to set forth the grounds for relief specifically. Generally the Oregon rules of civil procedure do apply to post-conviction cases, and those rule, but the general landscape is that Oregon courts say that the ORCPs apply to PCR cases unless the PCHA articulates a more specific rule. It's not particularly unique, and I think it's well briefed. So I think we understand those principles, Counsel. So what Ogle did is said that one statutory basis, this claim preclusion rule that Bowen relied on was not a pleading rule, but it didn't do anything to displace Bowen's general observation that PCR claims have to be alleged with specificity and the long line of case law that came from Bowen that said you basically have to identify the legal theory of inadequate assistance in your petition, and you can't shift those kinds of theories. If I'm satisfied that Bowen's still good law, that might be a good starting place because Opposing Counsel first argues that the state court didn't cite Bowen, so I'd like to hear the state's response to that, and then her real argument is that he was pro se, and then he had this petition that I think one would be very challenged to find the argument in his petition, even in his amended petition, but he submitted a 75-page affidavit to go along. Opposing Counsel, you heard her, when we asked Judge Bea, so where was his argument, she points to the affidavit and also argues that the state knew about the argument, so those are the points, at least from my part, that would be helpful to hear the state respond to.  I think, you know, the rule is that the claims have to be pleaded. Petitioner eventually did get a point in counsel, and counsel relied on the pro se, so that was a choice by counsel in that context, and I'm sorry, what was the first? If I, I'm just going to accept your premise that Bowen remains good law, right? So yes, the PCR court did not need to cite Bowen. What the PCR court said was that petitioner raises a claim that is not alleged in the petition or the affidavit. That is a statement of the rule. You know, adding, regardless of whether you cite Bowen or not, that's an articulation of the specific procedural rule that Bowen articulates. It's not a Bowen rule, it's really a 138-580 rule. Thank you. And, yes.  And then her other argument is that the state knew about this argument, that there was substantial compliance, and this goes to Judge Beah's question about whether this was an exorbitant application. Right. And I think that's where you have to sort of look at the PCR rule of pleading and say, yes, ORCP 12 requires liberal construction and, you know, looks to the, whether somebody, a party's substantial rights, but that exists within the framework of the existing law, and there is this rule that says you have to plead PCR claims with specificity. So the prejudice to the state's substantial rights was the fact that it then had to address claims that were not outlined in the originating documents, the petition and the affidavit, under a legal framework in Oregon where you are supposed to allege the specific theory of inadequate assistance. But tell us how, what is it the state didn't know and how was the state, how were these two meaningfully different claims, how was the state burdened? I think that would be helpful.  They're meaningfully different claims because the pleaded claim alleged IAC insofar as counsel should have moved to suppress the phone on the basis that Petitioner's Miranda rights. So the search warrant affidavit says, you know, we went and arrested Petitioner. He took us back and said that he gave his phone to his dad. We know all of that. Right. It's well briefed and we've read everything. So it's two different warrants, right? Yeah.  And his original claim in the petition spoke to which warrant? Well, it spoke to both warrants, but the theory of inadequate assistance was that counsel should have challenged the seizure of the phone on the basis that Petitioner's Miranda rights had been violated and all of the information that the police used to then get the phone under the auspices of saying that we had the 257 warrant, which was for Petitioner's house. This allows us to search your home. That was Petitioner's theory in the petition. The theory that was argued at trial was that the 258 warrant was not sufficient to support the search because giving the phone to the father created a bailment and counsel should have, counsel was inadequate and essentially failing to anticipate this bailment argument to defeat the legitimacy of the 258 warrant. Separate Because he actually seized the phone from the defendant's father at the father's home. Right. And ultimately And they didn't have a warrant for the father's home was I think the part that you've left out.  258 warrant was a warrant for the phone. The phone itself. Yes. Without location. And the affidavit included the facts that they had tried to get the phone in connection with arresting Petitioner at his house. They arrested him. He then told them that he had given it to his father. They went and confronted the father about that. He said, you're liars. We understand all those facts. So now could you get to the question, which is how was the state burdened? How were these meaningfully different arguments that you were not prepared, the state was not prepared to respond to, please? That's the gist of it.  So they're meaningfully different because they rely on different theories of a lack of professional skill and judgment in regard to challenging two different warrants. And the reason why those, you know, ultimately, yes, I think it would be sort of absurd for me to say that in the course of litigating these kind of Bowen claims, when the state asserts Bowen in these cases, it's pretty hard to argue that they don't understand the two different claims. But the Bowen rule exists. So I mean, I think it's to suggest that, well, if you understand the nature of the claim, then you're not prejudiced. Therefore, the rule can't apply. That would allow a rule 12, ORCP 12, to essentially defeat. I'm struggling to figure out how there are two different claims versus just different factual allegations about which warrant was presented to obtain what evidence. They're different claims because they rest on different factual theories of inadequate assistance or ineffective assistance. You're saying this lawyer failed to exercise professional skill and judgment in this way. And under Oregon law, those claims have to be pleaded with specificity. So the petition says, lawyer, you failed to anticipate challenging the 257 warrant on the basis that the police lied about what it allowed them to search after violating my Miranda rights. And at trial then, counsel says, no, where you failed to exercise reasonable professional skill and judgment was understanding that this legal theory of a bailment giving rise to a privacy interest would have been able to defeat the 258 warrant that dealt with the phone. So two different things that they're saying this lawyer should have done that they didn't do. You know, that's under Oregon law, that is the level of specificity that the case law has required pleading. And all Ogle does is say, well, but if you try it by consent, then you agree to amend. But it doesn't change the initial pleading standard. Another point I think is also, I mean, there's case law that says the federal courts don't have jurisdiction to assess essentially the application of state procedural rules. And so I think this court has to be careful about allowing this exorbitant application argument to essentially convert into federal court review of state court application of its own. Do you agree with your friend on the other side that the exorbitant application argument was raised? Yes. To the district court? I believe, and my friend can correct me if I've got this wrong, but I think I saw that it was a sir reply brief at pages 14 and 15 that petitioner filed where this was the exorbitant application rule. So I mean, it can't be the case that any time, you know, even if you were to assume for the sake of argument in this case that somehow the state court applied Bowen incorrectly, that can itself amount to an exorbitant application of the rule. The case law is talking about something much more significant, like in the case where you have a request for a continuance, and in the specific context of the case, the court just finds no purpose served by the application of that rule. The purpose of the Bowen rule is to make sure that the theories of inadequate assistance, the specific theories of post-conviction relief are laid out in the petition. And so that rule was applied effectively and correctly in this case. And it bars further federal habeas review. And if the court has no other questions. It appears we do not. We ask this court to affirm. Thank you. One. Thank you. Thank you, Your Honor. So first of all, as counsel indicated, the SIR reply brief, which is ECF 42, is where the explication of the exorbitant application is done. And we cited the cases that were discussed here. Second of all, I would respectfully disagree with Mr. Silk regarding his characterization of the arguments advanced by counsel. Counsel didn't make a bailment argument. And in fact, the state lawyer characterized counsel's argument as a challenge to warrant 258, whereas the state's lawyer alleged both below and in his briefing in these proceedings that the petitions, that Mr. Lux's pro se petition challenged only warrant 257. I think Mr. Silk has rightly conceded that the petition challenges both warrants. You have me confused. The ones I have are 527 and 528. Are you talking about different warrants?  Two fives. Yeah. 527 and 528. Yes. And 527, of course, was the warrant for the Kaiser residence that authorized the seizure of the phone. But isn't that why fairly construed the petition, the pro se petition challenges that warrant? He's talking about seizing it from his parents' home. I'm sorry, from his home. Yes. And he's talking about both because he refers to warrants in the plural. And again, when we look at the question of exorbitant application, I think the germane question is substantial compliance. And the court can look both to whether the state was prejudiced as well as to whether the notice that was provided to the state was adequate. But the first argument, I think that's right. And it's a question of degree. And of course, we're a federal court second guessing how the state's applying the state's rules. So that's pretty thin ice. Not exactly a legal term, but I appreciate where we're coming from in this or where I am at least. And so the first argument that he's making, it did allege pro se, to be sure, a Miranda violation and his theory was that the phone was unlawfully seized from his own home. That's a Miranda violation. And the second really strikes me as quite a different theory. And Your Honor, I would respectfully disagree. I appreciate the pro se pleading is quite a dense pleading. But with respect to... Well, and you're characterizing the pleading to include a 75-page affidavit. We haven't really talked about that. I'm kind of spotting you that argument, but it is another difficulty for a federal court to be second guessing that application. Sure. And so first of all, the PCR court read the document titled petition and the document titled affidavit together. Second, with respect to the state rule that Mr. Silk alleges that the state court applied, the ruling question really was whether the civil rules of procedure apply to post-conviction proceedings. And ultimately in Ogle, the court said that the provision that the court in Bowen had construed is really a res judicata provision. And Bowen, we've submitted, is a deviation from Supreme Court precedent applying Oregon Rule of Civil Procedure 12 to pleadings. And that case was Muller v. Benning. We've cited that in our brief. And in Muller v. Benning, the court held that the civil rules apply. The court applied Rule 12's liberal construction standard. And importantly, in response to your question, the court said that a pleading label defect is not sufficient to defeat consideration of a claim. So you're now three minutes into your rebuttal time, so I've taken you well over. I appreciate your argument. We appreciate both of your arguments. We're going to take that case under advisement.
judges: BEA, CHRISTEN, DESAI